UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MCINTYRE, and | ) | |
| AUDREY GOODEN, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07 C 3075 |
| | ) | |
| vs. | ) | Judge Norgle |
| | ) | Magistrate Judge Brown |
| CITY OF CHICAGO, | ) | |
| A Municipal Corporation, and | ) | |
| Chicago Police Officers | ) | |
| JOSEPH RIZZI, Star 3808, | ) | |
| WILLIAM MALECKI, Star 7200, | ) | |
| KESTUTIS PALUKAITIS, Star 17602; and | ) | |
| BERNICE GRANADO, Star 8055 | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiffs are citizens of the United States, and residents of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. The CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

8. At about 9:00 p.m., on or about July 10, 2006, Plaintiff DERRICK McINTYRE and three of his friends were sitting in a parked car at or near 68th and Rockwell in Chicago,

Illinois.

9. Defendant-Officers pulled up in a police car and ordered them out of the car.

10. DERRICK was not free to leave.

11. Defendant-Officers searched DERRICK and his friends.

12. DERRICK had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that DERRICK had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search DERRICK.

13. The car was also searched without any probable cause or legal justification.

14. Defendant-Officers found a blunt in the car.

15. Defendant-Officers asked questions and tried to find out who the blunt belonged to.

16. The Defendant-Officers continued to detain DERRICK and Jerry, but released the other two.

17. Defendant-Officers handcuffed DERRICK.

18. Defendant-Officers put DERRICK and Jerry in separate police cars.

19. Defendant-Officers commanded DERRICK to tell them where they could find guns and drugs.

20. DERRICK told the Defendant-Officers that he did not know where they could find guns and drugs, and that he did not sell drugs.

21. Defendant-Officers told DERRICK that if he did not tell them where they could find guns and drugs, they would put something on him and lock him up.

22. DERRICK told the Defendant-Officers about a corner where he thinks kids sell weed.

23. The Defendant-Officers then went to the corner, but nobody was selling weed there.

24. Defendant-Officers accused DERRICK of lying to them.

25. DERRICK told the Defendant-Officers that he was not lying.

26. Defendant-Officers asked DERRICK to tell them where he lived.

27. DERRICK told Defendant-Officers where he lived.

28. Defendants MALECKI and PALUKAITIS drove DERRICK to his home.

29. Defendants RIZZI and GRANADO, who had Jerry in custody in their police car, also drove to DERRICK's home.

30. After they arrived, Defendant-Officers rang the bell to DERRICK's home; there was no answer.

31. Defendant-Officers went to the upstairs unit and spoke to a neighbor, Roland Thompson.

32. The Defendant-Officers asked Roland if he knew DERRICK McINTYRE. Roland said he did, and explained that DERRICK lives downstairs.

33. Defendant-Officers ordered Roland to help them get into Plaintiffs' house, but Roland would not do so.

34. Defendants RIZZI, MALECKI and PALUKAITIS tried to enter Plaintiffs' house. They shook the front door, but could not get in.

35. Defendants RIZZI, MALECKI and PALUKAITIS took DERRICK's house keys and illegally entered Plaintiffs' house.

36. Defendants RIZZI, MALECKI and PALUKAITIS did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs' home.

37. Defendants RIZZI, MALECKI and PALUKAITIS illegally tore up and searched Plaintiffs' home.

38. Defendant-Officers did not find any contraband or evidence of illegal activity.

39. After illegally searching the house, Defendant-Officers went outside and released DERRICK.

40. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

41. As a direct and proximate result of the acts of the Defendants described above, Plaintiffs suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and other damages.

### COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

42. Plaintiff DERRICK McINTYRE realleges paragraphs 1 through 41 as if fully set forth herein.

43. The actions of Defendant-Officers in seizing Plaintiff DERRICK McINTYRE

without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff DERRICK McINTYRE asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Illegal Search of Person)

44. Plaintiff DERRICK McINTYRE realleges paragraphs 1 through 41 as if fully set forth herein.

45. The actions of Defendant-Officers in searching Plaintiff DERRICK McINTYRE'S person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff DERRICK McINTYRE asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Home)

46. Plaintiffs DERRICK McINTYRE and AUDREY GOODEN reallege paragraphs 1 through 41 as if fully set forth herein.

47. The Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiffs' home.

48. The actions of Defendant-Officers in searching Plaintiffs' home without any legal justification violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs DERRICK McINTYRE and AUDREY GOODEN ask that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award Plaintiffs compensatory and punitive damages, as determined at trial;

c) Award Plaintiffs attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

49. Plaintiffs reallege all of the above paragraphs and counts as if fully set forth herein.

50. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

51. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiffs demand trial by jury on all counts.**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595